(May 5, 1917.)

## STATE, Respondent, v. DAN CUMMINS, Appellant.

[165 Pac. 216.]

CONSTITUTIONAL LAW—INTOXICATING LIQUORS—TRANSPORTATION OF—MISDEMEANOR.

1. Section 25, S. B. No. 62, Sess. Laws 1909, p. 17, makes the transportation of intoxicating liquors into a prohibition district, or into any point or place in this state where the sale of intoxicating liquors is prohibited by law, a misdemeanor.

2. This section does not contravene the provisions of the 5th or 14th amendments to the constitution of the United States nor the provisions of section 1, art. 1, of the constitution of the state of Idaho.

3. An act prohibiting the transportation of intoxicating liquors into territory where the sale thereof is prohibited by law is a valid exercise of the police power.

[As to validity of statute forbidding the bringing of liquor into prohibition territory, see note in Ann. Cas. 1917A, 740.]

APPEAL from the District Court of the Fourth Judicial District, for Minidoka County. Hon. Edward A. Walters, Judge.

Prosecution for the crime of transporting intoxicating liquors into a prohibition district. Judgment of conviction, from which defendant appeals. *Affirmed.*

On constitutionality of statute forbidding carrying of liquor into prohibition district, see note in **L. R. A., N. S.,** 299.

T. Bailey Lee, for Appellant.

"Spirituous liquors are property, and do not cease to be so when their sale is prohibited." (*Preston v. Drew*, 33 Me. 558, 54 Am. Dec. 639; *Lincoln v. Smith*, 27 Vt. 328.)

Under the constitutions, a state legislature is impotent in the exercise of its police power to interfere with this possession and enjoyment, unless the manner in which the owner exercises the same be injurious to others. (*Mugler v. Kansas*, 123 U. S. 623, 8 Sup. Ct. 273, 31 L. ed. 205; *State v. Williams*, 146 N. C. 618, 14 Ann. Cas. 562, 61 S. E. 61, 17 L. R. A. N. S., 299.)

"The power does not exist to control rights that are purely and exclusively private." (*Munn v. Illinois*, 94 U. S. 113, 124, 24 L. ed. 77, 83.)

J. H. Peterson, Atty. Gen., T. C. Coffin and Herbert Wing, Assts., Homer C. Mills, Pros. Atty., Minidoka County, and E. G. Davis, for Respondent.

Similar laws have been upheld upon the ground that transportation of liquor into prohibition territory is deemed to be unlawful, and it is not incumbent upon the state in a prosecution under such acts, as a part of its case in chief, to negative the lawfulness of the shipment, but it is rather a matter of defense for the defendant to show that the shipment, and his possession thereof, was a lawful one. (Jones on Evidence, sec. 181, *Rupard v. State*, 7 Okl. Cr. 201, 122 Pac. 1108; *State v. Pope*, 79 S. C. 87, 60 S. E. 234; *Southern Express Co. v. City of High Point*, 167 N. C. 103, 83 S. E. 254; *State v. Southern Express Co.*, 168 N. C. 207, 83 S. E. 751; *Maynes v. State*, 6 Okl. Cr. 487, 119 Pac. 644; *Longmire v. State*, 75 Tex. Cr. 616, Ann. Cas. 1917A, 726, 171 S. W. 1165; *Southern Express Co. v. State*, 188 Ala. 454, 66 So. 115; *Adams Express Co. v. Commonwealth*, 154 Ky. 462, 157 S. W. 908, 48 L. R. A., N. S., 342.)

Section 25 has been construed by this court in the case of *Crescent Brewing Co. v. Oregon Short Line R. Co.*, 24 Ida. 106, 132 Pac. 975.

BUDGE, C. J.—Appellant was convicted of the crime of unlawfully transporting liquors into a prohibition district. A motion for a new trial was overruled. This appeal is from the judgment and from the order overruling appellant's motion for a new trial. The information was brought under section 25, S. B. No. 62, Sess. Laws, 1909, p. 17, which reads as follows:

"Sec. 25. Any person, firm, corporation, society or club within this State who shall accept for shipment, transportation or delivery, or who shall ship, transport or deliver any intoxicating liquors to any person, firm, corporation, society or club in any prohibition district in the State of Idaho, or to any point or place in this State where the sale of intoxicating liquors is prohibited by law, except as may be authorized by this Act or the Inter-State Commerce Law of the United States, shall be guilty of a misdemeanor and punished as provided in Section 30 of this Act."

The charging part of the information reads as follows:

"That the said D. H. Cummins, on or about the 17th day of April, A. D., 1914, at Paul, in the County of Minidoka, State of Idaho did wilfully, knowingly and unlawfully ship, transport and deliver intoxicating liquors from Jerome, Idaho, into a prohibition district of the State of Idaho, to-wit: Paul, Minidoka County, Idaho, well knowing that he, the said D. H. Cummins was transporting intoxicating liquors, to-wit: whiskey into a prohibition district of the State of Idaho, to-wit: Paul, Minidoka County, Idaho. That said transportation of intoxicating liquors was not authorized by the law of the State of Idaho, or the interstate commerce law of the United States, or for any other lawful purpose, and contrary to Senate Bill No. 62 of the Session Laws of the State of Idaho for the year 1909."

Appellant assigns the following errors:

"1. The court erred in overruling defendant's demurrer to the information.

"2. The court erred in overruling defendant's objection to the introduction of any evidence touching his transportation of intoxicating liquors into Minidoka county.

·

"3. The court erred in overruling defendant's motion that he be discharged, and the cause dismissed. ·

"4. The court erred in overruling defendant's motion for a new trial."

And further assigns that: "The evidence is insufficient to support the verdict, there being in the record no evidence whatever to sustain it."

The main contention of appellant is, that the transportation of intoxicating liquors through a prohibition district does not come within the purview of the statute above quoted, for the reason, as appellant urges, that to so hold would make the statute unconstitutional, in that it would then contravene the provisions of the 5th and 14th amendments to the constitution of the United States and section 1, art. 1 of the constitution of the State of Idaho, for the reason "that it unequivocally prohibits the use and enjoyment by one of his own property, and in effect deprives him thereof without due process of law."

Since the briefs in this case were filed this court decided the case of *In re Crane,* 27 Ida. 671, 151 Pac. 1006. The objections to the constitutionality of such legislation are thoroughly reviewed in that opinion, and the conclusion there reached is adverse to the contention of appellant in this case. It is unnecessary to here review all the authorities considered in the Crane case. It will be noticed, · however, that the opinion in that case quotes with approval the following language from *Mugler v. Kansas,* 123 U. S. 623, 8 Sup. Ct. 273, 31 L. ed. 205:

"And so, if, in the judgment of the legislature, the possession of intoxicating liquors would tend to cripple, if it did not defeat, the efforts to guard the community against the evils attending the excessive use of such liquors, it is not for the courts, upon their views as to what is best and safest for the community, to disregard the legislative determination of that question."

We hold, therefore, that under the section of the statute above quoted the transportation of ·intoxicating liquors to any point or place in this State, where the sale of intoxicating

liquors is prohibited by law, is a misdemeanor. This is a valid exercise of the police power. (*Clark Distilling Co. v. Western Maryland Ry. Co.*, 242 U. S. 311, Ann. Cas. 1917B, 845, 37 Sup. Ct. 180, 61 L. ed. 326; *In re Crane, supra; Glenn v. Southern Express Co.*, 170 N. C. 286, 87 S. E. 136, distinguishing and modifying *State v. Williams*, 146 N. C. 618, 14 Ann. Cas. 562, 61 S. E. 61, 17 L. R. A., N. S., 299.)

The information is sufficient to charge the crime of transporting intoxicating liquors into a prohibition district under the provisions of this section of the statute. The evidence shows conclusively that appellant procured the whisky at Jerome, Idaho, and that he transported it upon the train into Paul, Minidoka county, Idaho, which was then within a prohibition district, within which the sale of intoxicating liquors was prohibited by law.

There is no force in appellant's contention that he had not delivered any of the whisky to any person; that he was retaining it in his own possession; and that he was merely transporting it through the prohibition district to his own home. It is not necessary under the provisions of the statute, to either plead or prove that the liquor was delivered to any person.

The evidence is sufficient to sustain the verdict and judgment. The judgment is therefore *affirmed.*